FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 2 5 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GERMAINE GARCIA,

                Petitioner,

v.

THE CITY OF NEW YORK and
ATTORNEY AT LAW DAVID SEAMEN,

                Respondents.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-363 (MKB)

MARGO K. BRODIE, United States District Judge:

On January 17, 2013, Petitioner Germaine Garcia, currently incarcerated at Kirby Forensic Psychiatric Center, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court grants Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied.

**I.**    **Discussion**

In the instant action, Petitioner seeks a hearing to compel resolution of *Garcia v. City of New York*, 12-CV-4655, an action that he filed with the Court, alleging violations of 42 U.S.C. § 1983.

First, a petition brought pursuant to 28 U.S.C. § 2241 must be filed in the district court where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a) (providing federal courts with power to grant a writ of habeas corpus only "within their respective jurisdictions."). This requirement is jurisdictional. *Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of

confinement."); *Boone v. Manifee*, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005) (holding that the petitioner must name his warden as respondent and file the petition in the district of confinement). Here, Petitioner indicates that he is presently incarcerated on Wards Island, which is located in New York County. Thus, this Court lacks jurisdiction to adjudicate the claim under 28 U.S.C. § 2241.

Second, while the Court has the authority to transfer a § 2241 petition brought in the wrong district, transfer in this case is futile. Under § 2241, federal courts are permitted to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). Here, the sole relief Petitioner seeks is resolution of his § 1983 action. Accordingly, § 2241 is not the proper jurisdictional basis for the instant application.

Finally, the Court notes that by Memorandum and Order dated January 14, 2013, Petitioner's § 1983 action was dismissed for failure to state a claim upon which relief may be granted. *See Garcia v. City of New York*, No. 12-CV-4655, 2013 WL 153756 (E.D.N.Y. Jan. 14, 2013). Therefore, as the issues are no longer "live" and a controversy no longer exists, the issues raised in the instant petition are moot. *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005).

## II. Conclusion

Accordingly, the Petition brought pursuant to 28 U.S.C. § 2241 is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/S/ Judge Margo K. Brodie
MARGO K. BRODIE
United States District Judge

Dated: January 25, 2013
      Brooklyn, New York